**Munley Law PC**
**227 Penn Avenue**
**Scranton, PA 18503**
**570-346-7401**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TERRI JONES, Administrator of    :
Estate of GREGORY T. JONES,    :
deceased and    :
TERRI JONES,  Individually    :
   Plaintiffs    :
  v.    :   CIVIL ACTION
         :   JURY TRIAL DEMANDED
CHARLES E. WEAVER    :   (Conaboy, R.)
SOMERSET REGIONAL WATER  :
RESOURCES, LLC d/b/a SRWR;  :
SOMERSET REGIONAL WATER -:
NORTH DAKOTA, INC.    :
   Defendants    :   No:  3:16cv1241

### PLAINTIFF'S PRE-TRIAL MEMORANDUM

  **Date conference was held by counsel:**

**A.   A brief statement as to Federal Court jurisdiction.**

   Diversity of citizenship;

   Amount claimed in excess of minimal amount required by

   Federal Court jurisdiction.

**B.**      **A summary statement of facts and contentions as to liability.**

On January 16, 2015, at approximately 9:26 P.M., Plaintiff's Decedent Gregory T. Jones was operating his 2010 Dodge Ram truck hauling a trailer on Guiton Road, Middletown Township, Susquehanna County, Pennsylvania.  As he was proceeding on Guiton Road his vehicle became disabled due to the snow and icy conditions of the roadway. Plaintiff's Decedent then called for assistance in pulling his vehicle and trailer out of the snow and ice on the roadway.

Defendant Charles E. Weaver, as an agent of Defendant Somerset Regional Water Resources, LLC d/b/a SRWR arrived to tow Plaintiff's Decedent in a 2000 "grader" vehicle owned by Defendant SRWR.  Upon arriving at the scene, Defendant Weaver attempted to back the grader into position to attach and tow Plaintiff's Decedent's vehicle and trailer, when he failed to properly brake and/or secure and/or park the grader causing it to travel and slide backwards, striking and crushing Plaintiff's Decedent between his Dodge Ram and the grader.

**C.**      **A comprehensive statement of undisputed facts as agreed to by counsel at the conference of attorneys required by local Rule**

**16.3.  No facts should be denied unless opposing counsel expects to present contrary evidence or genuinely challenges the fact on credibility grounds.  The parties must reach agreement on uncontested facts even though relevancy is disputed.**

On January 16, 2015, at approximately 9:26 P.M., an accident occurred resulting in the death of Gregory T. Jones.  At the time of the accident, Mr. Jones was employed by Oil States Energy Services.

Defendant Charles E. Weaver was employed by Defendant Somerset Regional Water Resources, LLC d/b/a SRWR who was the owner of a 2000 "grader" vehicle.

**D.    A brief description of damages, including, where applicable:**

**1.    A brief description of damages:**

**(1) Principal injuries sustained.**

Plaintiff's Decedent suffered extensive traumatic and fatal injuries including multiple abrasions, ecchymoses, contusions, soft tissue hemorrhage, multiple rib fractures, fractured sternum, fractured vertebral column at T12, crush of soft and bony tissue of the chest with soft and bony hemorrhage, extensive congestion of the upper chest, neck and head, right lung parenchymal hemorrhage, bilateral hemothoraces and focal

subarachnoid hemorrhage all of which caused him great pain and suffering and resulted in his untimely death.  Plaintiff has suffered a complete and permanent loss of future income and benefits and suffered conscious physical and mental pain and suffering prior to his death.

As a result of this accident, Plaintiff, Terri Jones, suffered the loss of her husband, and Plaintiff's son, Nathan Jones, suffered the loss of his father.

**(2) Hospitalization and convalescence;**

Not applicable.

**(3) Present Disability;**

Not applicable.

**(4) Special monetary damages, loss of past earnings,**

**medical expenses, property damages, etc.:**

Plaintiff has a workers' compensation lien in the amount of $163,111.99 from Zurich North America.

Plaintiff's claim for future loss in earning capacity is projected to be $1,103,948 to $1,234,614 with a loss of services in the amount of $189,077 for a total economic loss of $1,293,025 to $1,423,691.

Further, Plaintiff is making a claim for funeral expenses and

administrative costs of the estate.

### (5) Estimated value of pain and suffering, etc.:

Plaintiff's demand is $4,000,000.00 which encompasses pain and suffering.

### (6) Special damage claims.

See (4).

**E.    Names and addresses of witnesses, along with the specialties and qualifications of experts to be called.**

Terri Jones, Plaintiff
Nathaniel Jones, son of deceased Plaintiff
Charles Weaver, 11064 State Route 167, Montrose, PA 18801
Trooper Michael Riccardella, PSP Gibson 2856 State Rte. 848, New Milford, PA 18834
Sgt. Michael Joyce Troop R Gibson (Collision Analyst and Reconstruction Specialist), 2856 State Rte. 848, New Milford, PA 18834
Trooper Robert Bauman, Troop R,Gibson  2856 State Rte. 848, New Milford, PA 18834
Trooper Gerald Gustas, PSP Dunmore, 85 Keystone Industrial Park, Dunmore, PA  18512
Logan Beers, 538 Ridge Road, New Columbia, PA 17856
Aaron Cada Benfer, 449 East 8th Street, Watsontown, PA 17777
Barry John Blank, Jr., 2547 Holly Lane, Kunkletown, PA 18058
Jay Brigham, 107 Ressie View Lane, Laceyville, PA 18623
Christopher Erhardt, Cabot Oil and Gas, general foreman
Kristopher Allen Ficks, 6155 New Columbia Road, New Columbia,
Marcello Garcia, 344 Beaver Run Road, Montrose, PA
Edward Garverick, 294 Grangers Lane, Morris, PA  16938
Eric Goodbrod, 1426 Walnut Street, Apt. 1, Jersey Shore, PA 17740

Dan Hakes, 411 South 9th Street, Lewisburg, PA 17837
James Hakes, 634 2nd St., Williamsport, PA 17701
John Stanton, 1768 State Route 167, Hop Bottom, PA
Paul Jones, Rush Volunteer Fire Dept, State Route 267, Lawton, PA 18828
M. Jenner, Rush Volunteer Fire Dept, State Route 267, Lawton, PA 18828
C. Conaboy, Rush Volunteer Fire Dept, State Route 267, Lawton, PA 18828
Tom Jauss, Rush Volunteer Fire Dept, State Route 267, Lawton, PA 18828
Dan Conboy, Rush Volunteer Fire Dept, State Route 267, Lawton, PA 18828
Brianna Hollenbeck, EMT, Montrose Minutemen, 904 North Lehigh Avenue, Montrose, PA 18801
Shawn Frampton, paramedic, Montrose Mintuemen, 363 Grow Avenue, Montrose, PA 18801 570-278-9188
Gary Ross, M.D. Forensic Pathologist
Anthony J. Conarton, Susquehanna County Coroner

Kevin Johnson- Expert Witness
Anthony Jakicic- Expert Witness
Christopher Shapley- Expert Witness
Wendy Lavezzi, M.D. - Expert Witness
Andrew Verzilli- Expert Witness

Any and all persons listed in discovery

Any and all witnesses identified by the Defendant

Plaintiff reserves the right to identify additional witnesses prior to trial.

**F.      Summary of testimony of each expert witness.**

See plaintiff's expert reports of Anthony Jakicic, Christopher Shapley,

Ph.D., Kevin Johnson, Andrew Verzilli and Wendy Lavezzi, M.D. attached.

**G.    Special comment about pleadings and discovery, including**

   **depositions and the exchange of medical reports.**

None at this time

**H.    Summary of legal issues involved and legal authorities relied**

   **upon.**

Plaintiff brought this action as a result of an accident that occurred on January 16, 2015.  Pennsylvania law applies to this diversity action.

Plaintiff has alleged that Defendants were negligent for the following reasons:

a.  Failure to keep a proper lookout;
b.  Failure to brake the grader;
c.  Failure to properly control the grader;
d.  Failure to take proper and evasive action;
e.  Failure to keep his eyes on Plaintiff's decedent's position in the roadway between the vehicles while operating the grader;
f.  Failure to properly adjust the mirrors of his grader so that he could see Plaintiff's decedent at all times while operating the grader;
g.  Operating the grader when the mirrors were out of adjustment;
h.  Failure to keep bystanders, including decedent Gregory Jones clear and away from the grader at all times while operating the grader;
i.  Failure to lower the blade of the grader;
j.  Failure to properly secure his grader while not in operation;
k.  Parking the grader on a snowy slope;
l.  Failing to lower the blade of the grader while the same was parked on a snowy slope;

m. Failing to secure the grader while the same was parked on a snowy slope;
n. Failure to properly stop and secure the grader;
o. Failure to maneuver the grader so as to avoid striking decedent;
p. Failure to warn Plaintiff's decedent that the grader was moving;
q. Failure to exercise a degree of care which an ordinary and prudent person would have done under the circumstances;
r. Failure to remain attentive and to maintain a sharp lookout for the conditions then and there existing;
s. Failure to use the correct equipment to pull Plaintiff's decedent's vehicle and trailer out of the roadway;
t. Operating a grader that was not properly registered for highway use;
u. Operating a grader that he knew or should have known had poor visibility;
v. Operating a grader when his visibility was obstructed by the grader's back engine;
w. Failure to keep the grader in place so as to not cause a hazard to Plaintiff's decedent;
x. Operating the grader without due regard for the rights, safety, and position of Plaintiff's decedent lawfully on the roadway and between the vehicles;
y. Operating the grader at a speed greater than that which was reasonable and prudent under the circumstances in violation of 75 Pa. C.S.A. § 3361;
z. Driving recklessly and with willful and wanton disregard for the safety of persons or property in violation of 75 Pa. C.S.A. § 3736;
aa.    Failure to operate the grader in accordance with the instructions provided in the user's manual;
bb.    Operating the grader without the aid of a flagger;
cc.    Using the grader for an improper and/or unintended purpose;
dd.    Failure to obey the rules of the road, the statutes of the Commonwealth of Pennsylvania; and the ordinances of Middletown Township, Pennsylvania while operating his grader

on the highways and roadways of the Commonwealth of Pennsylvania;

ee.      Operating the grader when he knew or should have known that he was unfit to do so;

ff.  Improperly backing the grader on a dark unlit roadway before knowing that no bystander was behind said grader, namely, Plaintiff's decedent;

gg.      Improperly backing the grader on a dark unlit roadway without being able to see fully around the grader before backing up to ensure no person would be injured; and

hh.      Failing to properly follow instructions with regard to use of the grader

**I.**      **Stipulations desired.**

Authenticity of records and photographs

**J.**      **Estimated number of trial days**

5-6 days

**K.**      **Any other matter pertinent to the case to be tried.**

Not at this time

**L.**      **Pursuant to Rule 16.3 append to this memorandum a pre-numbered schedule of exhibits, with brief identification of each, on the clerk's Exhibit Form.**

See attached exhibit list.

**M.**      **Append any special verdict questions which counsel desires to submit.**

None at this time

**N.    Defense counsel must file a statement that the person or committee with settlement authority has been notified of the requirements and possible sanctions under Rule 16.2.**

Not applicable to Plaintiff.

**O.    The Certificate must be filed as required under Local Rule 30.10 that counsel have met and reviewed depositions and videotapes in an effort to eliminate irrelevancies, side comments, resolved objections and other matters not necessary for consideration by the trier of fact.**

**P.    In all trials without a jury, requests for findings of both fact and law shall be submitted with this memorandum as required under Local Rule 48.2.**

Respectfully submitted,
MUNLEY LAW, P.C.

By:    s/JOHN M. MULCAHEY_____
227 Penn Avenue, Scranton, PA 18503
Phone:      (570) 346-7401
Email:      jmulcahey@munley.com
I.D. No. 74562
Attorney for Plaintiff